PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE J. PAWLAK, | ) | |
| | ) | CASE NO. 1:18CV2397 |
| Petitioner, | ) | (1:14CR305) |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 77] |

Before the Court is *pro se* Petitioner Jesse J. Pawlak's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. ECF No. 77. The Government has responded, ECF No. 80, and Pawlak has filed a reply, ECF No. 81. For the reasons set out in this Order, the motion is denied.

**I. Background**

In 2014, Pawlak was arrested after selling six firearms to an undercover agent. He subsequently pleaded guilty and was convicted on four counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 34.

At sentencing, the Court observed that Pawlak, in the past, had been convicted of burglary and trafficking in drugs. ECF No. 11; ECF No. 48 at PageID#: 205-06 (transcript of initial sentencing hearing). Because Pawlak "committed . . . the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence or a controlled substance offense," the Court applied a base offense level of 26. *Id.*; *see* U.S.S.G. § 2K2.1(a)(1) (2014).

The Court applied a two-level increase because the offense involved between three and seven firearms, ECF No. 48 at PageID#: 206-07; *see* U.S.S.G. § 2K2.1(b)(1)(A) (2014), and an additional four-level increase because the offense involved trafficking of firearms, ECF No. 48 at PageID#: 207-18; *see* U.S.S.G. § 2K2.1(b)(5).

The Court subsequently adjusted downward by three levels to account for timely acceptance of responsibility, ECF No. 48 at PageID#: 220-21; *see* U.S.S.G. § 3E1.1(a)-(b) (2014), and varied downward by another four levels based on its perception that Pawlak had developed a "regained respect for the law," ECF No. 48 at PageID#: 238-39. The Court clarified that the four-level downward variance was not applied in order to negate the four-level increase for trafficking, but rather that it was altogether independent from earlier calculations. ECF No. 48 at PageID#: 252-53. Based on the resulting offense level of 25 and Pawlak's criminal-history category of IV, the Court imposed a sentence of 105 months of incarceration for each of four counts, all to be served concurrently. ECF No. 48 at PageID#: 239-40; ECF No. 34.

| **Initial Sentencing: May 7, 2015** (ECF No. 48) | | |
|---|---|---|
| **Base offense level** | 26 | S.G. § 2K2.1(a)(1): two prior crimes of violence |
| **+2 increase** | 28 | S.G. § 2K2.1(b)(1)(A): between three and seven weapons |
| **+4 increase** | 32 | S.G. § 2K2.1(b)(5): trafficking |
| **-3 adjustment** | 29 | S.G. § 3E1.1(a)-(b): timely acceptance of responsibility |
| **-4 variance** | 25 | Court's discretion: regained respect for the law |
| **Sentencing Range (Offense Level 25, Category IV):** 84-105 months | | |
| **Sentence Imposed:** 105 months of incarceration | | |

Pawlak appealed, arguing that the Guidelines term "crime of violence" was

unconstitutionally vague, and the Court erred in so classifying his prior burglary conviction when it set his base offense level at 26. *See* ECF No. 55. He also argued on appeal that the four-level trafficking enhancement was not supported by the evidence. *See id.* The Sixth Circuit Court of Appeals agreed with Pawlak's view of the law with respect to the unconstitutional vagueness of the term "crime of violence," and it remanded the case for resentencing. *Id.*; *see United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016) (*Pawlak I*) (abrogated by *Beckles v. United States*, 137 S. Ct. 886 (2017)).[1] Nevertheless, the Court of Appeals articulated its view that "[t]he district court did not err in applying the firearms-trafficking enhancement . . . ." ECF No. 55 at PageID#: 348; *Pawlak*, 822 F.3d 902, 913 (6th Cir. 2016). It concluded, "For the reasons stated in Part III," in which it had discussed the purported vagueness of the term "crime of violence" as it applied to Pawlak's base offense level, "we vacate Pawlak's sentence . . . [and] remand for resentencing." ECF No. 55 at PageID#: 348; *Pawlak I*, 822 F.3d 902, 913 (6th Cir. 2016).

The parties disputed the scope of the remand. The Government posited that the remand was limited to a reassessment of Pawlak's base offense level, and Pawlak insisted that the remand was general and that the Court should conduct a full resentencing hearing *See* ECF No. 72 at PageID#: 492-509 (transcript of resentencing hearing). The Court allowed Pawlak to proffer evidence and make argument in support of the position he would take if sentencing were fully reopened. *Id.* at PageID#: 506, 508-10. In doing so, the Court permitted Pawlak to present

---

[1] The Supreme Court abrogated the Sixth Circuit's decision, ruling that the Sentencing Guidelines were not subject to a void-for-vagueness challenge under the Fifth Amendment Due Process Clause because the Guidelines are advisory. *Beckles*, 137 S. Ct. 886 (2017). That development, however, did not take place until after Pawlak was resentenced on remand.

the "extraordinary circumstances" that would be necessary to reconsider the law of the case; specifically, the Court's decision to impose the four-level trafficking enhancement. *Id.*

After Pawlak's proffer and argument, the Court ruled that there were no extraordinary circumstances warranting a full reconsideration of the four-level enhancement it had imposed earlier. *Id.* at PageID#: 528-29. It drew that conclusion after thorough explanation and despite its acknowledgement that its perception of certain evidence had changed in Pawlak's favor.[2] *Id.* at PageID#: 517-18. Despite that change in perception, the Court ruled, the four-level trafficking enhancement was supported by the weight of the evidence. *Id.* at PageID#: 520-29. The Court arrived at this conclusion because Pawlak sold his guns at inflated prices, suggesting a "prohibited-person markup." *See id.* at PageID#: 521-24; ECF No. 48 at PageID#: 218. The Court also adhered to its reasoning for imposing the enhancement at the initial sentencing hearing. *See* ECF No. 72 at PageID#: 529-30; ECF No. 48 at PageID#: 217 (trafficking enhancement was appropriate "based upon the number of weapons that you exchanged, the way they were exchanged, that they were exchanged for cash, the types of weapons, that the [buyer] . . . said . . . in your presence, that he knew you from jail, which meant that he'd been in jail, and these are the individuals that you're transacting business with . . . .").

---

[2] One consideration supporting the four-level enhancement was counsels' agreement at the initial sentencing hearing that the buyer could be heard on a recording selling firearms and stating, "[I]n case something goes wrong I have to dash for it." ECF No. 48 at PageID#: 212-13, 215. At the resentencing hearing, the parties and the Court agreed that the buyer in fact had simply described his truck's "dashboard." ECF No. 72 at PageID#: 516-18. The Government and the Court also acknowledged that, in its initial sentencing memorandum, the Government had inadvertently misstated the market prices of some of the weapons Pawlak sold. *Id.* at PageID#: 523-24.

Instead, citing the language of the Court of Appeals' decision, the Court conducted a limited remand to recalculate Pawlak's base offense level. *Id.* at PageID#: 531. Because Pawlak's prior burglary conviction no longer qualified as a "crime of violence," the Guidelines dictated a base offense level of 22. U.S.S.G. § 2K2.1(a)(3) (2014). Otherwise, the Court applied the same increases, adjustment, and variance it applied in its initial sentence, arrived at an offense level of 21 and criminal-history category of IV, and imposed a sentence of 71 months of incarceration. ECF No. 72 at PageID#: 555; ECF No. 67.

| **Resentencing on Remand: August 16, 2016** (ECF No. 72) | | |
|---|---|---|
| **Base offense level** | 22 | S.G. § 2K2.1(a)(3): one prior crime of violence |
| **+2 increase** | 24 | S.G. § 2K2.1(b)(1)(A): between three and seven weapons |
| **+4 increase** | 28 | S.G. § 2K2.1(b)(5): trafficking |
| **-3 adjustment** | 25 | S.G. § 3E1.1(a)-(b): timely acceptance of responsibility |
| **-4 variance** | 21 | Court's discretion: regained respect for the law |
| **Sentencing Range (Offense Level 21, Category IV):** 57-71 months | | |
| **Sentence Imposed:** 71 months of incarceration | | |

Pawlak appealed again, arguing again that the Court erred in applying the four-level trafficking enhancement. *See* ECF No. 73. Specifically, he argued that the Court had impermissibly limited the scope of its consideration on remand and incorrectly decided not to reconsider the law of the case with respect to the trafficking enhancement. *Id.* The Court of Appeals affirmed, ruling that the remand was limited in scope and that the Court appropriately exercised its discretion in deciding not to reconsider its prior finding that Pawlak had engaged in trafficking firearms. *Id.*; *United States v. Pawlak*, 711 F. App'x 314 (6th Cir. 2017) (*Pawlak II*).

Pawlak subsequently filed this motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. ECF No. 77.

## II. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a Section 2255 motion, the movant must allege as a basis for relief "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

## III. Analysis

Pawlak asserts six grounds for relief, nearly all pertaining to the four-level trafficking enhancement. Grounds One, Two, and Three allege that the evidence was insufficient to support the trafficking enhancement. Ground Four challenges the Court's decision on remand to limit the scope of its consideration and decline to reconsider the trafficking enhancement. Ground Five alleges ineffective assistance of counsel at the change of plea hearing and initial sentencing, and Ground Six alleges prosecutorial misconduct at the initial sentencing.

### A. Sufficiency of the Evidence (Grounds One, Two, and Three)

Pawlak's arguments concerning relating to evidentiary sufficiency have all been either waived or fully litigated and appealed.

> It is well settled that an argument not raised on direct appeal is waived. Such an argument can be raised for the first time on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." It is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.

*Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Pawlak cites no exceptional circumstances to overcome his waiver or justifying relitigation of settled matters.

Pawlak has made his position known as it relates to the four-level trafficking enhancement. He objected to the enhancement at his initial sentencing hearing, and the Court heard evidence and argument before deciding, "in your case, it's not that close a call . . . ." ECF No. 48 at PageID#: 216. Pawlak appealed, and the Court of Appeals stated in its decision, "The district court did not err in applying the firearms-trafficking enhancement . . . ." ECF No. 55 at PageID#: 348; *Pawlak I*, 822 F.3d at 913. At resentencing, despite the Court of Appeals' approval of the enhancement, Pawlak raised the issue again. The Court heard evidence and argument as to the trafficking enhancement and again concluded that the trafficking enhancement was appropriate. ECF No. 72 at PageID#: 492-530. Pawlak appealed again, and the Court of Appeals affirmed this Court's finding that there was "still ample evidence to support the finding of the trafficking enhancement . . . ." ECF No. 73 at PageID#: 575 n.5; *Pawlak II*, 711 F. App'x at 320. Now, for a fifth time, Pawlak insists that the four-level trafficking enhancement should not have been applied. ECF No. 77.

At resentencing, Pawlak demonstrated two inaccuracies in the record that were considered at the initial sentencing hearing when the four-level trafficking enhancement was first imposed. First, he played video recordings in which Pawlak can be heard speaking with his buyer during a gun sale. At the initial sentencing hearing, the parties agreed without playing the tapes that the buyer could be heard saying, "[I]n case something goes wrong I have to dash for it." ECF No. 48 at PageID#: 212-13, 215. The Government posited that the "dash for it" comment made it likely that Pawlak knew or should have known of the buyer was prohibited from owning or possessing the weapons. At resentencing, Pawlak played the recordings, and the parties and the Court agreed that the buyer appeared rather to have described his "dashboard," rather than suggest he might need to "dash for it." ECF No. 72 at PageID#: 516-17. Pawlak also posited that, at the initial sentencing, the Government had misstated the market prices for the weapons Pawlak sold and thereby exaggerated the likelihood that his sales would be perceived as "trafficking." *Id.* at PageID#: 521-26. The Government conceded that it had inadvertently misstated certain market prices in its initial sentencing arguments, but it argued that, even so, Pawlak's firearm sale prices were significantly higher than they would have been at a typical retailer and that the price inflation still supported a trafficking enhancement. *Id.* at PageID#: 522-23.

The Court took both corrections into account and concluded, "[T]here's still ample evidence to support the finding of the trafficking enhancement" on the basis that Pawlak knew or had reason to know that the buyer could not lawfully possess the firearms he was selling, and the matter did not require further consideration. *Id.* at PageID#: 529-30; *see* ECF No. 48 at PageID#:

217 (listing other considerations supporting the enhancement). The Court of Appeals affirmed and wrote,

> [T]he district judge reviewed the resentencing memorandum of the government, which incorporated its original memorandum, and the resentencing memorandum filed by defense counsel, which addressed Pawlak's new evidence and arguments. The district court also heard oral proffers by both parties in support of their contentions regarding the applicability of U.S.S.G. § 2K2.1(b)(5). Subsequently, the district court addressed the discrepancies raised by Pawlak with regard to certain evidence proffered by the government and relied upon by this court on appeal, but ultimately found that there was "still ample evidence to support the finding of the trafficking enhancement . . . ."

ECF No. 73 at PageID#: 575 n.5; *Pawlak II*, 711 F. App'x at 320 n.5.

Pawlak additionally argues that the Court erred in its conclusion that Pawlak behaved surreptitiously in his gun sales. The surreptitiousness of the transactions, he says, should not have contributed to the Court's determination that Pawlak knew or had reason to know that he was selling to a buyer who could not lawfully possess the weapons. The surreptitious nature of the transactions, in other words, did not imply trafficking.

The Court did not rely heavily on the surreptitiousness of Pawlak's gun sales when it imposed the trafficking enhancement in the first place, ECF No. 48 at PageID#: 217, but to the extent it did rely, Pawlak has already lodged an appeal and lost. *Id.* at PageID#: 214; Sixth Circuit Case No. 16-4015, Doc. 17, Appellant's Brief, at 24-25. The Court of Appeals expressly rejected Pawlak's contention that his secretive behavior (wrapping firearms in a blanket or paper bag, conducting transactions in the privacy of Pawlak's bedroom, and refusing to count money outside) did not suggest awareness of the buyer's prohibited-person status. ECF No. 55 at PageID#: 347; *Pawlak I*, 822 F.3d at 912.

At resentencing and on his second appeal, Pawlak did not address the potential inference that his supposed surreptitiousness implied trafficking. The matter, therefore, was fully litigated and appealed (at the initial sentencing and first appeal) and subsequently waived by silence (on resentencing and second appeal). Either way, the argument is not eligible to be addressed on this § 2255 motion. *Jones v. United States*, 178 F.3d 790, 796 (1999).

Pawlak's first, second, and third claims for relief are denied because each argument has been fully litigated and appealed or waived.

**B. Scope of Consideration on Remand (Ground Four)**

Pawlak alleges that the Court was obligated, on remand, to hold a full sentencing hearing and consider new evidence and argument. He has already raised this issue on appeal, and the Court of Appeals has ruled on the matter. It ruled (1) that the remand in *Pawlak I*, 822 F.3d 902, was limited to reassessment of Pawlak's base offense level in light of the vagueness inherent in the term "crime of violence," (2) that the Court properly exercised its discretion not to reconsider the law of the case, and (3) that there was no need to hold an evidentiary hearing on remand. ECF No. 73; *Pawlak II*, 711 F. App'x 314. It ruled, in the alternative, that even if the remand was general rather than limited, Pawlak could show no prejudice because "the [trafficking] enhancement's application was effectively reviewed anew by the district court and still determined to be applicable."[3] ECF No. 73 at PageID#: 576; *Pawlak II*, 711 F. App'x at 320.

[3] The Court of Appeals also observed that, were Pawlak successful in expanding the scope of remand and sentenced a third time, there is a good chance he would receive a sentence at least as harsh as or harsher than the one he already has. Because the Court of Appeals' reasoning in *Pawlak I* was subsequently abrogated by the Supreme Court in *Beckles*, 137 S. Ct. at 892, the Government on resentencing would be welcome to reinstate its earlier argument that

Pawlak's fourth claim for relief has been fully litigated and appealed and is accordingly denied.

**C. Ineffective Assistance of Trial Counsel**

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided that the petitioner can demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 F. App'x. 73, 76 (6th Cir. 2003). To establish ineffective assistance of counsel, the petitioner must first demonstrate that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Next, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id.* To satisfy the prejudice requirement of *Strickland*, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Pawlak advances three allegations of ineffective assistance of his trial counsel, two of which relate to the four-level trafficking enhancement and one of which relates to his decision to

---

Pawlak's prior burglary conviction was a "crime of violence." ECF No. 73 at PageID#: 574 n.4; *Pawlak II*, 711 F. App'x at 319 n.4; *see* *United States v. Hughes*, 733 F.3d 642, 654-55 (6th Cir. 2013) (observing that, on resentencing, the district court generally applies the Guidelines as they existed at the time of the original sentencing unless doing so would be unconstitutional). If successful (as it was prior to *Pawlak I*), such an argument would place Pawlak's base offense level at 26 (up from 22), *see* U.S.S.G. § 2K2.1(a)(1) (2014), thereby wiping out whatever benefit he hopes to earn by quashing the four-level trafficking enhancement.

plead guilty.

**1. Alleged Failure to File an Appeal**

First, Pawlak alleges that his trial counsel was ineffective because he failed to file an appeal from the initial sentence. Pawlak's initial sentencing judgment was filed on May 12, 2015. ECF No. 34. Pawlak was obligated to file an appeal within 14 days of that judgment. On May 20, 2015, six days before the cutoff date, Pawlak filed a *pro se* notice of appeal. ECF No. 35.

Pawlak's trial counsel did not behave unreasonably. He had six days remaining in which to file a notice of appeal on his client's behalf. Nor did his omission to file a notice of appeal cause prejudice to Pawlak, given that Pawlak filed such a notice on his own.

Pawlak's first assertion of ineffective assistance of counsel is denied.

**2. Alleged Failure to Investigate Exculpatory Evidence**

Second, Pawlak argues that his trial counsel was ineffective because he failed to investigate exculpatory evidence. He does not identify what exculpatory items might have been uncovered with reasonable diligence. Nevertheless, the Court observes two instances at the initial sentencing hearing in which Pawlak's counsel failed to correct the Government's presentation of evidence. First, when Government's counsel proffered a narration of the recordings ("[I]n case something goes wrong I have to dash for it," ECF No. 48 at PageID#: 212-13, 215), Pawlak's counsel did not object or insist that the tapes be played aloud. Second, when the Government's sentencing memorandum reflected market prices that were incorrect, Pawlak's counsel did not protest. *See* ECF No. 72 at PageID#: 522-23.

It is unnecessary, however, to inquire into whether those omissions were so unreasonable as to deprive Pawlak of effective assistance of counsel. Even if they were, they did not result in prejudice to Pawlak. Since the initial resentencing, Pawlak has been resentenced. The Court heard evidence and argument concerning the trafficking enhancement and concluded that, even with the corrections to the record, there was still ample evidence supporting the enhancement. ECF No. 72 at PageID#: 528-29; *see* ECF No. 48 at PageID#: 217 (listing reasons supporting a trafficking enhancement other than the "dash for it" comment and the exaggerated price markup)

Because Pawlak cannot show prejudice from the purported errors of his counsel, his second assertion of ineffective assistance of counsel is denied.

**3. Alleged Failure to Obtain a Copy of the Indictment**

Third, Pawlak argues that his counsel performed unreasonably because he failed to obtain and review the indictment prior to the change of plea hearing. This allegation is belied by the record, ECF No. 46 at PageID#: 182-83 (defense counsel affirming that he has reviewed the indictment with Pawlak), and in any event, Pawlak does not argue that the purported failure resulted in prejudice.

Pawlak's third assertion of ineffective assistance of counsel is denied.

**D. Prosecutorial Misconduct**

Pawlak argues that Government's counsel behaved improperly because he cited cases in his sentencing memorandum that, Pawlak says, did not apply to the case. Pawlak cites three examples, and explains why the cases cited by the Government were off point.

His argument fails to show prosecutorial misconduct. The Court finds that the

Government's sentencing memorandum was a thoughtful and thorough exposition of the law, cogently applied to the facts of the case. Whether or not it was correct in every aspect, nothing contained in the Government's memorandum was remotely misleading or otherwise offensive.

Pawlak's claim for relief based on prosecutorial misconduct is denied.

## IV. Conclusion

For the reasons stated above, Petitioner Jesse J. Pawlak's Motion to Vacate Under 28 U.S.C. § 2855 (ECF No. 77) is denied.

IT IS SO ORDERED.

April 12, 2019
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge